Harry H. ZUCKER, Paul Sapienza, Samuel Acker and Edward F. Corcoran, Plaintiffs,

v.

The UNITED STATES of America, Donald Devine, as Director of the Office of Personnel Management, James Cardinal, Regional Director, Merit Systems Protection Board, Herbert Ellingswood, Arthur Joseph, Joseph E. Livingston, Bonita Kirkland, Otis L. Packwood, Mitchel Kastner and Joseph K. Riotto, Members of the Merit Systems Protection Board, Defendants.

No. 82 Civ. 6079 (IBC).

United States District Court, S.D. New York.

Jan. 19, 1984.

1240

Harry H. Zucker, pro se.

Paul Sapienza, pro se.

Samuel Acker, pro se.

Edward F. Corcoran, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants; R. Nicholas Gimbel, Asst. U.S. Atty., New York City, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

Defendants seek an order, pursuant to Fed.R.Civ.P. 12(b)(6), or, in the alternative, pursuant to Fed.R.Civ.P. 56, dismissing the complaint which alleges that retirement benefits owing to them were made retroactively, and thus unconstitutionally, diminished by an Act of Congress passed on October 1, 1976, P.L. 94–440, Title XIII, § 1306(a), (c) (1), 90 Stat. 1462 ("P.L. 94–440"). Plaintiffs have submitted a certified statement in opposition to defendants' motion.

The material facts of this case are not in dispute; we adopt without hesitation the facts set forth in defendants' Memorandum of Law in Support of the Motion for Summary Judgment (pages 1 through 9). Plaintiffs are retired employees of various agencies of the United States Government and as such come within the purview of the United States Civil Service Retirement System, ("Retirement System") established by Congress on May 22, 1920. The law governing the Retirement System provides that employees covered thereunder are "entitled to an annuity" upon retirement after specified periods of service. 5 U.S.C. § 8336.

The statutory provisions governing the Retirement System are set forth in 5 U.S.C. §§ 8331–8348. The legal issue in question pertains to Section 8340 which provides for cost-of-living adjustments with respect to annuities for eligible employees payable from the Civil Service Retirement and Disability Fund. More specifically, Section 8340(b), as amended by Congress in 1969, provided that:

> Each month the Commission shall determine the percent change in the price index. Effective the first day of the third month that begins after the price index change equals a rise of at least 3 percent for 3 consecutive months over the price index for the base month, each annuity payable from the Fund having a commencing date not later than that effective date shall be increased by 1 percent plus the percent rise in the price index (calculated on the highest level of the price index during the 3 consecutive months) adjusted to the nearest $\frac{1}{10}$ of 1 percent.

On October 1, 1976, Congress rescinded that portion of the 1969 amendment which mandated the one percent add-on in addition to the cost-of-living increase. Legislative Branch Appropriation Act of 1976, 90 Stat. 1439. Accordingly, any adjustment of annuities pursuant to Section 8340 are currently based solely on changes in the cost of living. In addition, any determinations concerning cost-of-living adjustments are made twice a year instead of on a monthly basis. If required, adjustments can be made twice rather than four times annually.

Prior to the 1969 amendment, employees were required to contribute 6½% of their "basic pay" to the Fund. 5 U.S.C. § 8334(a)(1). As a result of the Amendment, each employee subject to the Retirement System contributes 7% of his or her "basic pay" to the Fund. 5 U.S.C. § 8331(3). In addition to employee contributions, the Fund receives matching contributions by the employing agency. *Id.*

The United States Government also makes substantial contributions to the Fund out of its general revenues. Under Section 8348(g), the Department of the Treasury makes a payment of interest on what is termed the "unfunded liability" of the Fund—the excess of estimated benefits

payable over otherwise available sources of funding, including employee and employer contributions. 5 U.S.C. § 8331(19). Moreover, under Section 8348(f), the Department of the Treasury also makes a contribution to amortize, over a thirty year period, any "unfunded liability" which results from new or liberalized benefits granted by Congress, excluding any such liability which results from cost-of-living increases.

In August of 1978, plaintiffs presented their claim to the Civil Service Commission alleging that the 1976 amendment to the Civil Service Retirement Act which eliminates the one percent add-on was unconstitutional. They argued that they were entitled to this amount based upon the fact that their contributions to the Fund had been increased by one-half of a percent of their salary at the time the one percent add-on was granted in 1969. *See* Exhibit 3 to Declaration of Assistant United States Attorney R. Nicholas Gimbel. On December 22, 1978, the Civil Service Commission responded that the increase of one-half of one percent in employee contributions had been provided by Congress in 1969 to help assure that existing levels of benefits to retirees were adequately funded, rather than to fund the one percent add-on. The Commission stated that it could not decline to administer the law as amended by Congress in 1976.

On March 24, 1979, plaintiffs sought administrative review by the Commission's Appeal Review Board whose functions were assumed by the merit Systems Protection Board. Their appeal was denied on March 6, 1980 by the New York Field Office of the Merit Systems Protection Board.

Plaintiffs Zucker and Sapienza claim that the retirement benefits due them on October 1, 1976 constituted an earned, vested property right which was retroactively and unconstitutionally diminished from March 1, 1976 under the terms of Public Law 94–440, enacted on October 1, 1976. Additionally, all four plaintiffs allege that Public Law 94–440 unconstitutionally, without due process of law and without payment of just compensation invaded the contractual, vested and property rights of the plaintiffs. In support of these claims, plaintiffs provide us with a lengthy legislative history dealing with the enactment of the Federal Employees Retirement Plan as it relates to the issues of contract, insurance and vesting.

■■■ We are not persuaded that plaintiffs in the instant case have a constitutionally protected property interest. As the Supreme Court stated in *O'Bannon v. Town Nursing*, 447 U.S. 773, 100 S.Ct. 2467, 65 L.Ed.2d 506 (1980), "a legitimate claim of entitlement" to a government benefit does not transform the benefit itself into a vested right. Rather, due process "property interests" in public benefits are "limited, as a general rule, by the governmental power to remove, through prescribed procedures, the underlying source of those benefits." *See Kizas v. Webster*, 707 F.2d 524 (D.C.Cir.1983).

■■■ We are also constrained to examine plaintiffs' allegations in light of the well established legal principle that there is no vested or contractual right to retired pay, which is dependent upon statutory right rather than common law rules governing private contracts. *Flemming v. Nestor*, 363 U.S. 603, 610, 80 S.Ct. 1367, 1371, 4 L.Ed.2d 1435 (1960); *Goodley v. United States*, 441 F.2d 1175, 194 Ct.Cl. 829 (1971); *See also Clark v. United States*, 691 F.2d 837 (7th Cir.1982). Thus all of plaintiffs' claims derive solely from the statute covering those claims, the Civil Service Retirement Act. It is also well settled that, "public employment does not ... give rise to a contractual relationship in the conventional sense." *Shaw v. United States*, 640 F.2d 1254, 226 Ct.Cl. 240 (1981). Furthermore, there can be no contractual liability running from the government to one of its employees. *Id.; Kania v. United States*, 650 F.2d 264, 227 Ct.Cl. 458 (1981).

Plaintiffs assert that defendants' reliance on Social Security cases for precedents are erroneous and misapplied. In *Flemming v. Nestor, supra,* the program devised by the Social Security Administration was financed through a payroll tax

levied on employees in covered employment and on their employers. The Supreme Court deemed of "special importance ... the fact that eligibility for benefits and the amount of such benefits, do not in any true sense depend on contribution to the program through the payment of taxes, but rather on the earnings record of the primary beneficiary." The Court concluded "that a person covered by the Act has not such a right in benefit payments as would make every defeasance of 'accrued' interest violative of the due process clause of the Fifth Amendment."

The analogy is obvious. We find that benefits payable to federal employees, as is the case with Social Security benefits, as well as annuities payable under the Retirement System, are not contingent on employees' contributions.

Plaintiffs further contend that since Congress enacted a "Reservation Clause" (42 U.S.C. § 1304) in relation to the Social Security Act, reserving the right to revise or modify the Act by subsequent legislation, Congress has no authority to amend the Civil Service Retirement Act without such a clause. We do not agree. Although plaintiffs have failed to submit any authority in support of their contention, it is well settled that benefits granted by the Government confer no right which cannot be revised, modified or recalled by subsequent legislation. *Railroad Retirement Board v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 575, 99 S.Ct. 802, 805, 59 L.Ed.2d 1 (1979); *Flemming v. Nestor, supra; Stouper v. Jones*, 284 F.2d 240 (D.C.Cir.1960). The fact that plaintiffs, as employees subject to the Retirement System, contributed 7% of their "basic pay," pursuant to the 1969 amendment does not preclude Congress from amending the basic legislation with which we are here concerned.

It is evident to this Court, from all of the legislative history pertaining to this Act, that the increase in employer and employee contributions from 6½ to 7% was mandated by Congress to insure against depletion of the Fund for future beneficiaries. We are equally convinced that Congress applied a similar rationale when it amended the Civil Service Retirement Act in 1976 to eliminate the one percent add-on which allowed Federal employees a salary adjustment in excess of the cost of living.

It is clear that Congress may grant, increase or decrease benefits subject to the due process limitations against arbitrary action that has no rational justification. *Flemming v. Nestor, supra*, 363 U.S. at 610–11, 80 S.Ct. at 1372–1373. Plaintiffs have failed to persuade us that the statute they seek to declare unconstitutional is arbitrary.

In sum, we follow *Muzquiz v. City of San Antonio*, 378 F.Supp. 949 (1974), *aff'd*, 520 F.2d 993 (5th Cir.1975):

> [T]he plaintiffs are asking us to reverse 85 years of unbroken Constitutional Law at the Federal level beginning at the Supreme Court with the landmark case of *Pennie v. Reis*, 132 U.S. 464, 10 S.Ct. 149, 33 L.Ed. 426 (1889) and culminating in *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367 [1372–1373], 4 L.Ed.2d 1435 (1960) and reiterated in decisions of the 1st, 3rd, 5th, 6th, 9th and District of Columbia Circuits as well as in the District Courts of the country and in the majority of state courts that have considered this matter.

378 F.Supp. at 955 (footnotes omitted).

Accordingly, we are constrained to, and do, grant defendants' motion for summary judgment, pursuant to Fed.R.Civ.P. 56, dismissing the complaint in its entirety.

SO ORDERED.