**Harry H. ZUCKER, et al., Appellants,**

v.

**The UNITED STATES, et al., Appellees.**

**Appeal No. 84–1703.**

United States Court of Appeals,
Federal Circuit.

April 3, 1985.

**638**

Harry H. Zucker, pro se.

Paul Sapienza, pro se.

Samuel Acker, pro se.

Edward F. Corcoran, pro se.

Bernard W. Bell, Asst. U.S. Atty., New York City, argued for appellees. With him on the brief were Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., and Jane E. Booth, Asst. U.S. Atty., New York City.

Before FRIEDMAN, BALDWIN and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

This is an appeal from a decision of the United States District Court for the Southern District of New York, 578 F.Supp. 1239, granting the appellees' motion for summary judgment. The appellants challenged the constitutionality of a statute that modified the cost-of-living adjustment (COLA) for civil service annuitants. We affirm.

## BACKGROUND

The appellant retirees receive benefits under the Civil Service Retirement Act, now codified in 5 U.S.C. §§ 8331–8348. In 1962 Congress amended the Civil Service Retirement Act to provide an automatic COLA based on the change in the price index. Postal Service and Federal Employees Salary Act of 1962, Pub.L. No. 87–793, 76 Stat. 869. In 1969, section 8340(b) was amended by Pub.L. No. 91–93, 83 Stat. 139 (1969) to provide for 1% to be added on top of the COLA ("1% add-on"). In October 1976, Congress amended section 8340(b) by rescinding the 1% add-on and by decreasing the frequency of the COLA calculation. Legislative Branch Appropriation Act of 1977, Pub.L. No. 94–440, 90 Stat. 1462.

After exhausting their administrative remedies, the retirees filed suit in the district court. Appellants Zucker and Sapienza, who retired prior to the 1976 amendment, claimed that that amendment retroactively and unconstitutionally diminished their vested property right in retirement benefits. The other two appellants, Acker

and Corcoran, who retired after the 1976 amendment, joined the first two in challenging the constitutionality of the 1976 amendment on the grounds that it violated their property rights without due process of law.

The district court determined that the retirees did not have a constitutionally protected property interest in future COLA benefits. The court also determined they had no contractual right to the benefits.

On appeal, the retirees continue to press their constitutional claims.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(2) because the retirees' suit was based on 28 U.S.C. § 1346.

Although appellants and appellees have briefed their arguments in terms of the retirees' degree of entitlement to retirement benefits in gross, the issue before us is much narrower. The question is whether a retiree has a constitutionally protected right to receive a COLA in successive years after retirement based on the COLA formula in effect on the date he retired.

### I

The retirees argue that their right to future annuity benefits calculated under the 1969 COLA formula is constitutionally protected and that any change to the COLA formula which results in a decrease in their rate of increase is violative of the due process clause.

■ It is well settled that potential retirees have no protected property interest in any particular level of retirement benefits as they have no legitimate claim of entitlement to benefits which are subject to lawful change. *Nordstrom v. United States*, 342 F.2d 55, 60, 169 Ct.Cl. 632 (Ct. Cl.1965); *accord American Postal Workers Union v. United States Postal Service*, 707 F.2d 548, 554 (D.C.Cir.1983), *cert. denied*, 465 U.S. ——, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984).

■ To have a property interest in a benefit protected by procedural due process, a person must have a legitimate claim of entitlement to the benefit. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source ...." *Id.*

■ The key words are "claim of entitlement to the benefit." Although the retirees may have a protected property interest when they are entitled to immediate payment under preexisting law, *i.e.,* the payment of an annuity upon retirement, their entitlement to any post-retirement increases in that annuity stems from the independent source that creates and defines their property interest in same, *i.e.,* the COLA provision of the Civil Service Retirement Act, 5 U.S.C. § 8340. Until a retiree becomes eligible to receive a particular COLA, his or her right to that adjustment is subject to any lawful changes made to the section (5 U.S.C. § 8340) from which the claim to entitlement arises.

■ Further, legislative acts adjusting the burdens and benefits of economic life have "a presumption of constitutionality, and ... the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). These retirees have not carried their burden since they have not demonstrated that the Act was arbitrary or irrational.

## II

The employees who retired before the COLA formula changed also assert a vested property right to the 1% add-on provision protected by the takings clause. They maintain that the COLA is a form of deferred compensation and, alternatively, that they have a contractual interest which amounts to a compensable property interest. While the government concedes that the retirees have an economic interest in future COLA benefit levels, it argues that their interest does not rise to the level of property protected by the takings clause. *See Kizas v. Webster,* 707 F.2d 524, 539 (D.C.Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984).

### A

The retirees argue that their property right derives from their statutory entitlement to retirement benefits, a form of deferred compensation. They assert that Congress is without power to diminish their retirement benefits because the Civil Service Retirement Act contains no clause reserving such power. Thus, they conclude that since the COLA is part of their entitled retirement benefits Congress cannot diminish their COLA.

The legislative history lends some support to the view that the basic annuity was intended as deferred compensation. *See, e.g.,* 59 Cong.Rec. 6,300 (1920) (R. Hamill) ("Pensions are not gratuities, and they should not be considered as such. They should be looked upon as deferred wages— as payments of wages which were not disbursed at the time when they were earned."); *id.* at 6,378 (R. Mann) (retirement system is "part and parcel of the subject of the wage you pay" and an inducement to keep employees in government service). Similarly, there is case law that can be construed to support a concept of deferred compensation. *See Steinberg v. United States,* 163 F.Supp. 590, 143 Ct.Cl. 1 (1958).[1]

This court does not reach the question of the compensatory nature of the basic annuity to which the retiree became entitled upon retirement. Our ruling is strictly limited to post-retirement COLA benefits.

---

**1.** The plurality opinion recognizes that the annuity is paid for past services. 163 F.Supp. at 591. The concurring opinion of Judge Whitaker states that an annuity is a vested right "because it is compensation for services already rendered." *Id.* at 594. The concurring opinion of Judge Jones "agree[s] fully" with Judge Whitaker that the annuity is a vested right. *Id.* at 593.

■ The retirees cite *United States v. Larionoff,* 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977), as authority for a protected property interest in compensation due "for services already performed, but still owing." *Id.* at 879, 97 S.Ct. at 2159. Although the government in *Larionoff* was required to pay the special reenlistment bonus to service members who had become entitled to it before the statute authorizing it was repealed, the government was not required to provide that benefit prospectively. Likewise, the government here is not required to continue to provide a particular COLA benefit. To hold otherwise would fly in the face of well-established doctrines of federal employment. Generally, as in this case, federal workers serve by appointment, and their rights are therefore a matter of "legal status" even where compacts are made. *Kania v. United States,* 650 F.2d 264, 268, 227 Ct.Cl. 458, *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981). In other words, their entitlement to retirement benefits must be determined by reference to the statute and regulations governing these benefits, rather than to ordinary contract principles. *United States v. Larionoff,* 431 U.S. at 869, 97 S.Ct. at 2154. "Applying th[is] doctrine[ ], courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel." *Kizas v. Webster,* 707 F.2d at 535. Even if we had held that the retirement benefits (including COLA formulas) are an incident of employee compensation to which the retirees have an indefeasible right, *Kizas v. Webster,* 707 F.2d at 536, the COLA portion until received by way of an increased annuity is nothing more than a "government fostered expectation" that retirees will be provided retirement annuities which will not be ravaged by inflation. Such an "expectation" does not rise to the level of "property" protected by the takings clause.

B

The retirees assert that because 5 U.S.C. § 8334 required payments of their own money into the Civil Service Retirement and Disability Fund, which payments they say were tantamount to premiums in an insurance program, a contract implied in fact arose. They argue that a contract is private property for purposes of the takings clause, and that a unilateral change in their entitlement under the alleged contract is a taking of that property.

■ There may be some language in the cases, *see, e.g., Steinberg v. United States,* 163 F.Supp. at 593 (Jones, J., concurring) (where contributions have been made to a retirement fund "a definite contractual relationship ... becomes effective upon retirement"), and in the legislative history of the Federal Employees Retirement Act of 1920, Pub.L. No. 66–215, 41 Stat. 614, *see, e.g.,* 59 Cong.Rec. 6,296 (1920) (R. Nelson) (every employee covered by the Act "becomes a party to the contract between himself and the government"), to support the claim of a contract with respect to the basic annuity. As indicated above, however, we deal here only with post-retirement COLA benefits, not with whether the retirees have a right, contractual or otherwise, to their basic annuity.

The retirees have cited no case law holding and no legislative history declaring that retired federal civil servants such as themselves have a contractual right to COLA increases after they retire. In short, the retirees have not persuaded us that the government is contractually bound to continue to provide COLA increases subsequent to retirement.

III

We have carefully reviewed the record and have considered the retirees' other arguments which we conclude are not persuasive. Accordingly, we affirm the decision of the district court granting summary judgment in favor of the appellees.

AFFIRMED.