824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Antonio MARENO, Plaintiff-Appellant,
v.
UNITED STATES, Defendant-Appellee.
 Appeal No. 87-1123.
 United States Court of Appeals, Federal Circuit.
 June 18, 1987.
 
 Before DAVIS, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States Claims Court (Claims Court) granting appellee's motion for summary judgment and dismissing the complaint, is affirmed.
 
 OPINION
 I.
 
 2
 Antonio Mareno (appellant) was employed as a law assistant to a judge of the Court of International Trade from 1961 until the judge died on March 30, 1982. Thereafter appellant was notified that he would be separated from his position effective September 30, 1982.
 
 
 3
 This is his third appeal from lower court dismissals of the same basic cause of action. Two dismissals of appellant's suits by the district court were affirmed by the Court of Appeals for the Second Circuit. Appellant first attempted to enjoin his proposed dismissal in September 1982 by a suit filed in the United States District Court for the Southern District of New York; Mareno v. Re, 568 F.Supp. 17 (S.D.N.Y.1983), ("Mareno I "), aff'd No. 83-6059 (2d Cir. May 4, 1983) (unpublished), cert. denied, 465 U.S. 1008 (1984) ("Mareno II ").
 
 
 4
 The district court found that appellant had no property interest in his position, because he was subject to removal under the applicable statute, 28 USC Sec. 871. The Second Circuit affirmed.
 
 
 5
 On June 20, 1984, appellant filed a second suit in the United States District Court for the Southern District of New York, seeking back pay. Mareno v. United States, 84-4341-CLB (S.D.N.Y.). The district court granted the Government's motion for summary judgment on November 19, 1984, and the Second Circuit affirmed in an unpublished decision. Mareno v. United States, No. 85-6020 (2d Cir. May 19, 1985). The Court of Appeals held that appellant has no valid claim to a job after September 30, 1982, the effective date of his separation.
 
 
 6
 There is no doubt that appellant's claim was barred by the doctrine of collateral estoppel as a result of the decision of the district court in Mareno I. As the Claims Court correctly held, all the elements required to establish that defense were present in this case. See Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed.Cir.1983). Appellant's complaint in the Claims Court was based upon an alleged breach of an employment contract, the terms of which were said to be found in the "career plan" of the Court of International Trade. Consequently, even if we were to hold that appellant's suit is not barred by the doctrine of collateral estoppel, the Claims Court correctly dismissed the complaint. An action for wrongful termination of a Federal employee cannot be premised upon the breach of a contract of employment. Zucker v. United States, 758 F.2d 637, 640 (Fed.Cir.), cert. denied, 106 S.Ct. 129 (1985); Shaw v. United States, 640 F.2d 1254 (Ct.Cl.1981); Urbina v. United States, 428 F.2d 1280 (Ct.Cl.1970).
 
 II.
 
 7
 In this appeal, appellant has raised three issues in addition to his appeal on the merits. He first contends that the Claims Court committed reversible error in granting the Government a 7-day enlargement of time to respond to the complaint, and couples this argument with the astounding assertion that the trial court should have entered a default judgment in his favor. We reject this contention on three grounds. (1) It is fundamental that a trial court has broad discretion in managing its docket. Authority for such case management is expressly conferred on Claims Court judges by Rule 77.1 of the Rules of the United States Claims Court (RUSCC). (2) Appellant has failed to show that the Claims Court abused its discretion in granting the extension of time. See Kadin Corp. v. United States, 782 F.2d 175, 176 (Fed.Cir.1986). (3) Obviously, the order of the Claims Court was an interlocutory order. This court has no jurisdiction of the appeal from the order. See 28 USC Sec. 1292 (Supp. III 1985).
 
 
 8
 Appellant next contends that the Claims Court violated its Rule 12(b) by converting the Government's motion to dismiss into a motion for summary judgment. However, since both parties presented material in their briefs and appendices outside the pleadings, the Claims Court correctly held that the Government's motion for judgment on the pleadings should be treated as a motion for summary judgment. That action is expressly authorized by Rule 12(b) and 12(c) of RUSCC. That rule is identical to Fed.R.Civ.P. 12(b) and 12(c). The action of the Claims Court is in accord with court decisions construing this rule. See, e.g., American Home Assurance Co. v. Cessna Aircraft Co., 551 F.2d 804, 807 (10th Cir.1977). Thoen v. United States, 765 F.2d 1110 (Fed.Cir.1985), relied on by appellant, is inapposite. There the Government filed a motion for partial dismissal of two counts of the complaint, and the Claims Court converted the motion into one for summary judgment, without giving the adverse party notice of the court's intention to do so, and dismissed the entire complaint. Here the Government moved to dismiss the entire complaint, and appellant responded to the Government's collateral estoppel argument.
 
 
 9
 Appellant's final contention is that the decision below should be reversed, because the Claims Court refused to file his amended complaint, which alleged that his removal constituted age and race discrimination in violation of the Equal Protection Component of the Due Process Clause of the Fifth Amendment. Since appellant attempted to file the amended complaint after entry of judgment and denial of his motion for reconsideration, we find no error in the Clerk's refusal to file that motion. See Wright & Miller, 6 Federal Practice and Procedure Sec. 1489 (1971). Moreover, appellant had had ample opportunity to include his claims for age and race discrimination in either of the two suits he filed in the district court. Since he failed to do so, his claims based on these grounds which were not (but could have been) raised in either of those two suits, are now judgment barred. Container Transport International Inc. v. United States, 468 F.2d 926, 928 (Ct.Cl.1972). Appellant has offered no excuse for his failure to include these claims in his earlier actions, and we conclude that it is far too late to raise them now.
 
 III.
 
 10
 After a review of the history of this litigation, we are convinced that appellant's appeal is frivolous. He is a member of the bar and was a law clerk for many years. At the time his appeal was docketed, he was informed of this court's decision in Asberry v. United States Postal Service, 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982). In accordance with Fed.R.App.P. 38, it is therefore ordered that he shall pay the Government an amount equal to twice its costs on this appeal.