889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. PORTER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT.
 No. 89-3340.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1989.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 James A. Porter (Porter) appeals from a decision of the Merit Systems Protection Board (MSPB or board), docket number DA08318910057, affirming a reconsideration decision of the Office of Personnel Management (OPM). OPM held that Porter had to pay OPM a deposit in order to convert his retirement annuity into a reduced annuity with a survivor benefit, and that OPM had no statutory authority to extend the time by which Porter must pay OPM the deposit. We affirm.
 
 OPINION
 
 2
 We reject Porter's argument that his right to convert his annuity was fixed by the statute in effect upon his retirement, and could not be modified by subsequent Congressional amendment. In Zucker v. United States, 758 F.2d 637 (Fed.Cir.), cert. denied, 474 U.S. 842 (1985), we held that a federal retiree had no constitutionally protected right to receive a cost of living allowance (COLA) after retirement based upon the COLA formula in effect upon the date he retired. Porter's situation is similar. He had no "right" to convert his annuity under the prior statutory formula, only a "government fostered expectation" that he would be able to convert his annuity without the payment of a deposit. See Zucker, 758 F.2d at 640. Nor can Porter rely upon any contractual rights between him and the government. Retirement benefits are determined by reference to the statute and regulations governing these benefits, rather than to ordinary contract principles. United States v. Larionoff, 431 U.S. 864, 869 (1977).
 
 
 3
 We have carefully considered Porter's argument that OPM should have extended the statutory time limit for making the required deposit, but find no error in the MSPB's analysis. Therefore, we affirm this issue on the basis of its opinion.