979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ali H. SHAH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3308.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Ali H. Shah petitions for review of Merit Systems Protection Board decision Docket No. NY0831910470-I-1. In that decision, the Board affirmed the Office of Personnel Management's (OPM) denial of Mr. Shah's request to compute his annuity under the minimum monthly annuity provision of 5 U.S.C. § 8345(f) (1982) (repealed 1986). This court affirms.
 
 OPINION
 
 2
 The Agency for International Development employed Mr. Shah in Pakistan from October 2, 1967 through February 17, 1973, and from June 11, 1973 through October 31, 1979. At the time Mr. Shah separated from the federal service he was fifty-one years old and his total creditable federal service was less than twelve years. Due to his age at the time of separation and length of his federal service, Mr. Shah sought a deferred annuity under 5 U.S.C. § 8338(a). Mr. Shah became entitled to the deferred annuity when he reached the age of sixty-two on December 29, 1989. Shortly thereafter, Mr. Shah applied for the deferred annuity and began receiving his monthly annuity.
 
 
 3
 On January 22, 1991, Mr. Shah wrote OPM requesting recomputation of his monthly annuity, seeking a guaranteed "minimum annuity" pursuant to 5 U.S.C. § 8345(f)(1)* (1982). OPM denied Mr. Shah's request for recomputation because his annuity commenced on December 29, 1989, which was after the February 27, 1986 effective date of repeal in 5 U.S.C. § 8435(f)(1). See Act of February 27, 1986, Pub.L. No. 99-251, ch. III, § 305, 100 Stat 14, 26-27.
 
 
 4
 This court reviews the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 The 1986 Act states in part:
 
 5
 (a) REPEAL.--Section 8345(f) of title 5, United States Code, is repealed.
 
 
 6
 (b) SAVINGS PROVISION.--An annuity payable from the Civil Service Retirement and Disability Fund as of the day before the date of enactment of this Act shall not be reduced--
 
 
 7
 (1) by reason of the repeal of section 8345(f) of title 5, United States Code.
 
 
 8
 (Emphasis added.)
 
 
 9
 Section 305(b) repealed the minimum annuity provisions of 5 U.S.C. § 8345(f), except as to annuities whose statutory commencing dates preceded the date of the Act of February 27, 1986.
 
 
 10
 Although Mr. Shah separated from the Government in 1979, he was not entitled to receive a deferred annuity under 5 U.S.C. § 8338(a) until December 29, 1989, the date he reached age sixty-two. His annuity was not "payable" until that date, almost four years after section 8345(f) was repealed.
 
 
 11
 Moreover, civil service retirement benefits are statutory in nature; employees have no independent contractual or constitutional property interest in those benefits that supersedes the statutory provisions or prevents amendment by Congress. Zucker v. United States, 758 F.2d 637, 640 (Fed.Cir.), cert. denied, 474 U.S. 842 (1985). The statute does not permit Mr. Shah to acquire an annuity under 5 U.S.C. 8345(f). This court affirms the Board's decision.
 
 
 
 *
 Section 8345(f)(1) states as follows:
 Notwithstanding any other provision of this subchapter, other than this subsection, the monthly rate of annuity payable under subsection (a) of this section shall not be less than the smallest primary insurance amount, including any cost-of-living increases added to that amount authorized to be paid from time to time under title II of the Social Security Act.
 Pub.L. 99-251, effective February 27, 1986, repealed the aforementioned statute.