**Lorena W. WEEKS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 00–3442.

United States Court of Appeals, Federal Circuit.

Feb. 9, 2001.

Before CLEVENGER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Lorena W. Weeks petitions for a review of a final decision of the Merit Systems Protection Board ("Board"), affirming the Office of Personnel Management's ("OPM") denial of Weeks' request for the maximum survivor annuity benefit based on the federal service of her late husband. *Weeks v. Office of Pers. Mgmt.,* 86 M.S.P.R. 693 (2000). Because the Board did not abuse its discretion or misapply the law in affirming OPM's determination, we *affirm.*

## BACKGROUND

Lorena W. Weeks is the widow of William B. Weeks, a former employee of the United States Postal Service who retired in September of 1983 and passed away in January of 1999. Prior to his retirement, Mr. Weeks filled out an Application for Immediate Retirement, Form 2801, on which he chose a reduced annuity with a survivor annuity for his spouse equal to a lesser survivor benefit of fifty-five percent of $3,600.00 per year. In order to elect such a reduced annuity, Mr. Weeks was required to have Mrs. Weeks sign an accompanying Form 2801-2. The purpose of Form 2801-2 is to inform the spouse that a less than maximum survivor annuity has been elected. The record shows, and Mrs. Weeks does not deny, that she signed a form 2801-2 in the presence of two witnesses.

When Mrs. Weeks discovered that she was not receiving fifty-five percent of the full amount of the survivor annuity, she contacted OPM regarding entitlement to the maximum survivor annuity. Based on the existence of the signed and witnessed form 2801-2, OPM determined that Mrs. Weeks was not entitled to any more than fifty-five percent of $3,600.00 as elected by Mr. Weeks in his Application for Immediate Retirement, Form 2801. Mrs. Weeks appealed OPM's decision to the Board, asking the Board to "void form 2801-2" on the grounds that she does not recall signing the form, one witness does not remember signing the form, and apparently her husband did not understand what he was signing.

The Board affirmed OPM's decision, holding that Mrs. Weeks is not relieved from the consequences of the annuity election absent a showing that mental incompetence, duress, or fraud caused the election. Mrs. Weeks appeals the final decision of the Board. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

### A. Standard of Review

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed.Cir. 1998).

### B. Analysis

■ As the applicant for a survivor annuity, Mrs. Weeks has the burden of proving that she is entitled to the benefits sought, *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140-41 (Fed.Cir. 1986), based upon the requirements of the statute governing the benefit, *Zucker v. United States*, 758 F.2d 637, 640 (Fed.Cir. 1985). The applicable statute in this case is 5 U.S.C. § 8339(j)(1), providing in pertinent part:

The annuity ... (or a portion of the annuity, if jointly designated for this purpose by the employee or Member and the spouse of the employee or Member under procedures prescribed by the Office of Personnel Management) for an employee or Member who is married at the time of retiring under this subchapter is reduced as provided in paragraph (4) of this subsection in order to provide a survivor annuity for the spouse under section 8341(b) of this title, unless the employee or Member and the spouse jointly waive the spouse's right to a survivor annuity in a written election filed with the Office at the time that the employee or Member retires. *Each*

*such election* shall be made in accordance with such requirements as the Office shall, by regulation, prescribe, and *shall be irrevocable.*

5 U.S.C. § 8339(j)(1) (1994) (emphasis added).

■ In the present case, Mrs. Weeks does not deny that she and her husband signed the forms as required for a written election of a "less than maximum survivor annuity." Execution of the forms by Mr. and Mrs. Weeks created an election that is irrevocable under section 8339(j)(1). The terms of the statute are clear, and Mrs. Weeks cannot be relieved from the consequences of the statutory election of a reduced annuity absent a showing that mental incompetence, duress, or fraud caused her election. *Collins v. Office of Pers. Mgmt.,* 45 F.3d 1569, 1573 (Fed.Cir.1995). Mrs. Weeks has made no allegation of mental incompetence, duress, or fraud, nor is there anything in the record to suggest that any such factor influenced her husband's election. She instead asserts that she did not freely consent to the partial survivor annuity because, although her signature appears on the form, she does not remember reading the form or signing it. Mrs. Weeks testified before the Board that she has always believed that she would receive the maximum survivor annuity benefit, and that her husband would never have left her in this situation had he understood the significance of the waiver.

Although we are sympathetic to Mrs. Weeks' situation, we cannot say that the Board abused its discretion or misapplied the law in affirming OPM's determination that Mrs. Weeks was not entitled to a survivor annuity larger than fifty-five percent of $3,600.00. Accordingly, the decision of the Board is *affirmed.*