**Thomas E. WEST, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3211.**

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 7, 2001.

Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.

PER CURIAM.

Thomas E. West seeks review of a final decision by the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") decision to reduce West's annuity payments. Because substantial evidence supports this decision and because the Board committed no error of law in reaching its conclusion, we *affirm*.

## Background

West served in the military for approximately 22 years and then as a civilian employee for another 15 years. In 1994, at age 56, West retired from the Department of Agriculture. In April 2000, at age 62, he became eligible for Social Security benefits.

When civil service annuitants (like West) first become eligible to receive these benefits, OPM must re-compute the amount of their retirement annuity by excluding credit for any military service that the annuitant performed after 1956. 5 U.S.C.A. § 8332(j)(1) (West 2001). Congress, however, has created an exception to this exclusion. Under 5 U.S.C. §§ 8332(j) and 8334(j), annuitants with post–1956 military service can retain their service-related credit for purposes of calculating their annuity, but only if they deposit with the Civil Service Retirement and Disability Fund an amount equal to seven percent of that annuitant's post–1956 military pay.

Annuitants who qualify must ordinarily make this deposit before they retire or "separate" from their agency, or before OPM takes final action on a retirement application. *See* 5 C.F.R. §§ 831.2104(b), 831.2107(b)(1) (2001). But they can also make the deposit thereafter if an "administrative error" caused them to forego the opportunity in the first place. *See* 5 C.F.R. § 831.2107(a)(1). An administrative error in this context includes the situation where an employing agency "materially misinformed" the annuitant about the amount of his annuity reduction. *Zimmerman v. Office of Pers. Mgmt.*, 80 M.S.P.R. 512, ¶ 8 (1999).

In March 2000, OPM informed West that because he had earlier elected not to make the deposits under 5 U.S.C. § 8332(j)(1) and because he would soon become eligible for Social Security benefits, OPM was re-computing his retirement annuity and excluding from it the credit he could have otherwise obtained for his military service. As a result, West's monthly annuity payments would shrink from $3212 to $1171. West petitioned the Board to review OPM's decision, claiming that his employing agency had misinformed him about the amount of his annuity reduction.

At an evidentiary hearing before an administrative judge, West's signed retirement application as well as West's own testimony showed that, at the time of his retirement, West's agency had properly advised him that if he decided not to make deposits in the amount of $7000, his annuity payments would be reduced when he became eligible to receive them at age 62. West also testified, however, that he elected then to not make these deposits because he thought the corresponding reduction to his annuity would also equal $7000. A Department of Agriculture employee stated that while she had advised West about the consequences of not making ser-

vice-related deposits, she never told him about the corresponding amount of his annuity reduction.

Citing the lack of evidence showing that West's agency had misled him or had otherwise committed an administrative error, the administrative judge upheld OPM's decision to reduce West's annuity payments. On February 5, 2001, the Board denied West's petition for review. This petition followed.

## Discussion

■ We play a limited role in reviewing Board decisions. *See, e.g., Deweese v. Tennessee Valley Auth.*, 35 F.3d 538, 541 (Fed.Cir.1994). Under 5 U.S.C. § 7703(c), we may reverse the Board only if its decision was: (1) arbitrary, capricious, an abuse of discretion or not in accordance with law; (2) obtained without the procedures required by law; or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c). None of those limited instances applies here.

■ First, the Board applied the correct principles of law. Contrary to West's argument that "the Board failed to follow its own precedent," Board precedent holds that a government agency has no obligation to inform an employee about the amount of an annuity reduction if that employee elected not to make the deposit available under 5 U.S.C. § 8332(j)(1). *See Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1573–74 (Fed.Cir.1995) (rejecting contention that government had duty to inform annuitant about the "dollar consequences" of an election to not make deposits; the government has no duty "to provide the annuitant with any information concerning the election"); *Flaspeter v. Office of Pers. Mgmt.*, 83 M.S.P.R. 528, ¶¶ 7, 9, 10 (1999).

Second, substantial evidence supports the Board's finding that West's employing agency did not "materially misinform" him about the size of the reduction in his monthly annuity payments. As noted, an employee at the Department of Agriculture testified that she had counseled West about the opportunity to make deposits and that his annuity payments would decrease if he elected not to do so. But again, she never told him about the specific amount by which those payments would decrease. Indeed, West himself testified that he only *thought* a decision not to deposit $7000 meant that his annuity would decrease by that same amount. No evidence showed that the agency had told him this.

Third, the Board did not run afoul of 5 U.S.C. § 7703 or the Due Process Clause of the United States Constitution, the two provisions that West claims the "Board should have applied" to his case. Section 7703 generally concerns our jurisdiction and the standard of review we apply to cases brought for or against OPM or the Board. Contrary to West's assertion, the section gives the Board nothing to apply. *See generally* 5 U.S.C. §§ 7703(a)—(d). Nor does the Due Process Clause compel a different result here, for West has no "legitimate claim of entitlement" to the retirement benefits that he could have had if he had otherwise elected to make the $7000 deposit. *See Zucker v. United States*, 758 F.2d 637, 638–39 (Fed. Cir.1985). Consequently, West has no property interest in the benefits he elected to forego, meaning he has no interest that would trigger the protections afforded by the Due Process Clause. *See id.*

To conclude, substantial evidence supports the Board's decision to affirm the decision by OPM and to thereby have West's retirement annuity reduced. Further, the Board correctly applied the law and reached a decision that was not arbitrary or capricious. Finally, neither 5 U.S.C. § 7703 nor the Due Process Clause applies to West's petition. The final decision of the Board is therefore affirmed.