**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FORREST SMITH,
                Appellant,

      v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
SF-3443-20-0458-I-1

DATE: July 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Crista Kraics</u>, Esquire, Stafford, Virginia, for the appellant.

<u>Aisha Richey</u>, Esquire, Patuxent River, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his reduction in pay appeal for lack of jurisdiction because he failed to establish he suffered a decrease in his basic rate of pay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

At no point, either below or on review, has the appellant claimed that the agency decreased his basic pay of $28.97 per hour. Initial Appeal File (IAF), Tab 8 at 14; *see Defense Civilian Personnel Advisory Service, Federal Wage System Regular and Special Production Facilitating Wage Rate Schedules for U.S. Citizens Wage Employees in Foreign Areas (January 6, 2020)*, https://wageandsalary.dcpas.osd.mil/Content/AF%20Schedules/survey-sch/ 900/900R-06Jan2020.html (last visited July 18, 2024). Instead, on petition for review, the appellant argues that the administrative judge mischaracterized case law and erred in holding that the agency is not bound by language in various documents, including his position description, to pay him for 168 hours per pay period while deployed aboard an aircraft carrier. Petition for Review (PFR) File, Tab 1 at 2, 9-10. Thus, the appellant alleges that the agency improperly reduced his deployed pay when it failed to pay him an additional 88 hours, at a rate of $43.46 per hour, for each pay period while he was deployed. *Id*. at 9-10; IAF, Tab 1 at 6-7.

The administrative judge properly applied *Shaw v. United States*, 640 F.2d 1254 (Ct. Cl. 1981), which explains that "public employment does not . . . give

rise to a contractual relationship in the conventional sense."[2]  *Shaw*, 640 F.2d at 1260 (quoting *Urbina v. United States*, 428 F.2d 1280, 1284 (Ct. Cl. 1970)); IAF, Tab 10, Initial Decision (ID) at 5.  This principle has also been held by our reviewing court.  *See Chu v. United States*, 773 F.2d 1226, 1228 (Fed. Cir. 1985) (explaining that "absent specific legislation, [F]ederal employees derive benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship"); *see also Zucker v. United States*, 758 F.2d 637, 640 (Fed. Cir. 1985) (finding that Federal employees' entitlement to retirement benefits derived from statutes and regulations rather than from ordinary contract principles).  Here, the appellant plainly uses the doctrines of contract law to argue that the position description obligated the agency to pay him an additional 88 hours per pay period while deployed.[3]  PFR File, Tab 1 at 9-10. The appellant cites no legal authority to support this assertion, and moreover, the proposition is clearly contrary to existing precedent.  *See Shaw*, 640 F.2d at 1260; *Chu*, 773 F.2d at 1227-28; *Zucker*, 758 F.2d at 640.

As the appellant did not suffer a reduction in basic pay, but instead, a reduction in overtime pay, a type of premium pay, the appeal was properly dismissed for lack of jurisdiction.[4]  *Mattern v. Department of the Treasury*,

---

[2] The decisions of the former U.S. Court of Claims have been adopted by the U.S. Court of Appeals for the Federal Circuit as binding precedent.  *South Corporation v. United States*, 690 F.2d 1368, 1370-71 (Fed. Cir. 1982).

[3] The appellant on review claims that the agency amended his position description after he filed his appeal to remove the language regarding the deployed shift schedule, which he asserts demonstrates the agency's admission of error.  PFR File, Tab 1 at 10.  As we are unpersuaded that the position description obligates the agency to pay the appellant an additional 88 hours per pay period, we find this argument to be unpersuasive.

[4] The appellant also argues that the administrative judge misstated the terms and impact of a document signed by the appellant, which allegedly acknowledged that overtime would be kept to a minimum and would be given only when justified and approved. PFR File, Tab 1 at 8.  However, the administrative judge never made a finding in reference to the terms or impact of this document.  The citation used by the appellant directs us to the administrative judge's characterization of the agency's contentions in this matter, not her independent determinations or findings.  *Id*. at 8 n.4; ID at 3.  As the document had no bearing on the administrative judge's findings in this case, we see no

291 F.3d 1366, 1370 (Fed. Cir. 2002) (stating that loss of premium pay, such as overtime, is not an appealable action to the Board); *Riojas v. U.S. Postal Service*, 88 M.S.P.R. 230, ¶ 7 (2001) (stating that premium pay is not part of basic pay and loss of such pay is not appealable to the Board); *see Wood v. Merit Systems Protection Board*, 938 F.2d 1280, 1282 (Fed. Cir. 1991) (rejecting appellant's claim that she suffered a reduction in pay because her hours were reduced resulting in a decrease in her income).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

need to address it further.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.