Chief Judge Breitel.
 

 In a class action the New York City Employees’ Retirement System and the State’s Attorney-General, as intervener, appeal from the granting of a summary declaratory judgment to plaintiff, a New York City transit employee. The judgment declared that subdivision 4 of section 431 of the Retirement and Social Security Law, as applied to any civil service employee who became a member of a public
 
 *98
 
 retirement system before the statute’s effective date, violates section 7 of article V of the State Constitution.
 

 The issue is whether the recently enacted statutory limitation on the amount of increased compensation which may be considered in determining the final average salary for retirement purposes diminishes or impairs the benefits of membership in violation of the Constitution.
 

 The Supreme Court declared the statute unconstitutional as applied to plaintiff and all others similarly situated who became members of a public retirement system prior to April 1, 1972, the
 
 ‘ ‘
 
 effective date ’ ’ of the statute. The court held that plaintiff is entitled to receive a retirement allowance based upon his full final salary for the 12-month period immediately preceding his retirement, without consideration of the statutory limitation. The Appellate Division unanimously affirmed.
 

 There should be a modification. Subdivision 4 of section 431 of the Retirement and Social Security Law, as applied to any civil service employee who became a member of a public retirement system prior to its effective, independent of its operative, date, prescribes a diminution and impairment of the benefits of membership in the retirement system, in violation of the Constitution. However, the effective date of subdivision 4 of section 431 is June 17, 1971, the date of its enactment, and not April 1, 1972, the operative date from which excess compen-, sation, as defined in the statute, would no longer be included in final average salary. Thus, the statutory limitation may not be applied to those who became members before June 17, 1971.
 

 Section 7 of article V of the Constitution, effective January 1, 1939, provides that, after July 1, 1940, “ membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” Subdivision 4 of section 431 of the Retirement and Social Security Law limits the amount of increased compensation earned in any year which may be considered in the computation of the final average salary for pension purposes to a maximum of 20% over the previous year.
 

 The facts are undisputed. Plaintiff Robert H. Kleinfeldt was employed continuously in the municipal transit system from February 25, 1952 until May 6, 1972. In 1968, plaintiff elected to be covered by a retirement plan provision which would permit
 
 *99
 
 him to retire after 20 years with a retirement allowance payable at or after reaching the age of 50 (see Administrative Code of City of New York, § B3-36.6, subd. b). On March 8,1972, plaintiff executed and filed his retirement application to take effect May 6, 1972. At retirement, plaintiff had more than 20 years of service and was over 50 years of age.
 

 Tinder a collective bargaining agreement between the Transit Authority and the Transport Workers Union, plaintiff’s salary was increased as of October 11, 1971 to $4.6525 per hour. The salary increase, together with other increments, triggered the 20% limitation of the statute. In the period subject to the limitation, April 1, 1972 to May 6, 1972, plaintiff earned as a result of the increases a gross salary of $956.90. For the corresponding period one year earlier, his gross pay was $769.50. Since the later gross salary exceeded his gross ‘salary for the earlier period by more than 20%, the Betirement System computed his retirement benefits in accordance with subdivision 4 of section 431. Consequently, plaintiff’s final average salary for retirement purposes was reduced by $33.50, lowering his annual retirement allowance by $16.75.
 

 Before section 7 of article V of the Constitution became operative in 1940, members of a public retirement system did not have vested rights before retirement. Inchoate benefits could bé modified or revoked, at the will of the Legislature (see
 
 Roddy
 
 v.
 
 Valentine,
 
 268 N. Y. 228, 231-232). It was against this background that section 7 of article V of the Constitution was enacted to remedy the situation (see
 
 Matter of Ayman
 
 v.
 
 Teachers’ Retirement Bd.,
 
 9 N Y 2d 119, 125;
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System,
 
 5 N Y 2d 1, 8-9;
 
 Matter of Day
 
 v.
 
 Mruk,
 
 307 N. Y. 349, 354). The constitutional amendment characterized membership in a public retirement system as contractual, and provided that benefits might not be diminished or impaired.
 

 Attempts to circumvent the constitutional protections by devices designed to limit future retirement benefits of prior members have been held invalid. In
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System
 
 (5 N Y 2d 1, 7,
 
 supra),
 
 the Teachers’ Betirement System adopted updated mortality tables which would have, in effect, reduced, by approximately 5%, future allowances upon retirement. The court held that appli-
 

 
 *100
 
 cation of the updated mortality tables to members who entered the system before the effective date of the new tables, constituted an impermissible diminution and impairment of benefits (pp. 9-12). Similarly, in
 
 Matter of Ayman
 
 v.
 
 Teachers’ Retirement Bd.
 
 (9 N Y 2d 119, supra), the court held invalid an attempt to calculate teachers’ annuities on actuarial values at the time of retirement, although it permitted use of tables modified prior to the operative date of the constitutional amendment (pp. 124-125). (See, to the same effect, e.g.,
 
 Matter of Donner
 
 v.
 
 New York City Employees’ Retirement System,
 
 33 N Y 2d 413, 416;
 
 Matter of Fisher
 
 v.
 
 New York State Employees’ Retirement System,
 
 279 App. Div. 315, 318-319, affd. 304 N. Y. 899;
 
 Cashman
 
 v.
 
 Teachers’ Retirement Bd.,
 
 193 Misc. 57, 59, affd. 275 App. Div. 908, affd. 301 N. Y. 501; see, generally, 44 N. Y. Jur., Pensions and Retirement Systems, §§ 25, 27.)
 

 While section 431 of the Retirement and Social Security Law (L. 1971, ch. 503, § 19) was enacted as one of a series of measures designed to control burgeoning and burdensome increases in retirement benefits, retroactive application to prior members of a public retirement system has been rejected. In
 
 Kranker
 
 v.
 
 Levitt
 
 (30 N Y 2d 574), retroactive application of subdivision 1 of section 431 was held unconstitutional. It would have eliminated inclusion in final average salary of cash payments for accumulated vacation credits (p. 575). In
 
 Matter of Weber
 
 v.
 
 Levitt
 
 (34 N Y 2d 797, 799-800, affg. on opn. at App. Div. 41 A D 2d 452, 463), subdivision 2 of that section, prohibiting inclusion of termination pay in final average salary, was held unconstitutional as applied to prior members.
 

 Thus, it should be evident that subdivision 4, as retroactively applied to those who became members of a public retirement system before its effective date, similarly constitutes a diminution and impairment of membership benefits. An employee’s rate of compensation is the most significant part of the formula for determining retirement allowances. It is a more important part of the formula than are the mortality and annuity tables used to calculate retirement benefits. Indeed, the actuarial tables are factors superimposed on the salary base as defined as final average salary. Moreover, the theory of retirement systems is to provide a retirement allowance representing pre
 
 *101
 
 determinable fractions of the salary base. If in the
 
 Birnbaum
 
 and
 
 Ayman
 
 cases
 
 (supra)
 
 mortality and annuity tables were entitled to constitutional contractual protection, and could not be modified to the detriment of retiring employees, a fortiori increases in salary may not be excluded from final average salary for prior members. The system plan and the expectations of its members are intimately involved in retirement allowances based on final average salary. Given its significance, as part of an integrated formula, it is one entitled to protection as any other part accorded constitutional protection. This does not mean necessarily, and it should not be decided now, that no part of the formula, however trivial, or however within the contemplation of the “ contracting parties ” would never be subject to retroactive modification. The retirement plan like any other human contract is not inscribed on tablets of stone.
 

 A minor problem concerns the date from which retroactivity is determined. Bill section 20 of chapter 503 of the Laws of 1971 provides that section 431 would take effect immediately, and the statute became law by approval of the Governor on June 17,1971. It is this date, the effective date of the statute, which controls the constitutional reach of subdivision 4. Hence, subdivision 4 may not be applied to limit the retirement benefits of one who became a member of the system before June 17,1971. True,
 
 Kranker
 
 v.
 
 Levitt
 
 (30 N Y 2d 574, 575,
 
 supra),
 
 used April 1,1972, the date from which accumulated credits would no longer be includible in final average salary, as the
 
 “
 
 effective ” date for purposes of retroactive application of the statute. The questionable logic of so determining retroactivity should hardly be extended (see, indeed, the effective date provision of section 7 of article V of the Constitution, namely, January 1, 1939, although there has never been any dispute that the section did not become operative according to its terms until July 1, 1940).
 

 The court is not insensitive to the grave problem posed by spiraling costs of retirement benefits. Although fiscal relief is a current imperative, an unconstitutional method may not be blinked. As stated in
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System
 
 (5 N Y 2d 1, 11, supra):
 

 “
 
 The constitutional amendment * * * prohibits official action during a public employment membership in a retirement
 
 *102
 
 system which adversely affects the amount of the retirement benefits payable to the members on retirement under laws and conditions existing at the time of his entrance into retirement system membership.
 

 * * *
 

 “
 
 [The Retirement System] argues that if this court [so] holds * * * the system will be plunged into bankruptcy. The answer to that argument must be that * * * we are not at liberty to hold otherwise
 

 Accordingly, the order of the Appellate Division should be modified to direct that the declaratory judgment provide that subdivision 4 of section 431 of the Retirement and Social Security Law, as applied to those members who entered the retirement system before June 17, 1971, is violative of section 7 of article V of the State Constitution, and as so modified, should be affirmed, without costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.