(No. 60373.—
(No. 60374.—
(No. 60375.—
(No. 60376.—

JAMES H. FELT, Appellee, v. THE BOARD OF TRUSTEES OF THE JUDGES RETIREMENT SYSTEM, Appellant.—ROBERT L. MASSEY, Appellee, v. THE BOARD OF TRUSTEES OF THE JUDGES RETIREMENT SYSTEM, Appellant.—WALTER P. DAHL, Appellee, v. THE BOARD OF TRUSTEES OF THE JUDGES RETIREMENT SYSTEM, Appellant.—ISLA McCALLISTER, Appellee, v. THE BOARD OF TRUSTEES OF THE JUDGES RETIREMENT SYSTEM, Appellant.

*Opinion filed July 17, 1985.*

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellants.

Herman G. Bodewes and R. Mark Mifflin, of Giffin, Winning, Lindner, Cohen & Bodewes, P.C., of Springfield, for appellees.

JUSTICE WARD delivered the opinion of the court:

This consolidated appeal concerns the constitutionality of an amendment to section 18—125 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 18—125). Plaintiffs James H. Felt, Robert L. Massey, and Walter P. Dahl brought separate complaints in the circuit court of Sangamon County for administrative review of the decision of the defendant Board of Trustees of the Judicial Retirement System of Illinois (the Board) and its members to calculate their retirement annuities according to the provisions of the amendment. Isla McCallister filed a complaint for a declaratory judgment in the circuit court of Sangamon County that the amendment was unconstitutionally applied as to her and that the amendment, however, was valid as to persons becoming members of the judicial retirement system after January 1, 1983, the amendment's effective date. The plaintiffs contended that the amendment, which changed the salary base used to determine a judicial retirement annuity, impaired their contract rights and reduced their benefits in violation of the Illinois and Federal constitutions. The circuit court, after consolidating the cases for purposes of briefing and oral argument, held the amendment to be unconstitutional as applied to the plaintiffs. The defendants appealed directly to this court under our Rule 302(a) (87 Ill. 2d R. 302(a)).

We consider on this appeal only whether the amendment is constitutional as applied to the plaintiffs. On a challenge to the validity of a statute the question is not the wisdom or unwisdom of the legislative action; it is solely whether constitutional requirements have been satisfied.

Prior to its amendment, section 18—125 of the Illinois Pension Code provided retirement benefits for judges, and other beneficiaries, based on the date of a judge's

enrollment in the retirement system and on the salary of the judge on the last day of judicial service. (Ill. Rev. Stat. 1981, ch. 108½, par. 18—125.) The amendment, changing the basis for computing retirement annuities, provides: "Effective July 1, 1982, the salary base to be used for the computation of a retirement annuity for any participant in service on or after such date shall be the average salary for the final year of service as a judge." (Pub. Act 82—768, 1982 Ill. Laws 152, 159.) Plaintiffs Felt, Massey and Dahl formerly served as judges of the circuit court of Cook County. They retired after January 1, 1983, the date the amendment became effective. Plaintiff McCallister is the widow of Albert McCallister, a judge of the circuit court of White County who died on March 3, 1983. Each plaintiff had applied for a retirement annuity on the basis of the salary on the last day of service, but the Board allowed an annuity based on the average salary of the judge during the last year in service. There had been a judicial salary increase during the year preceding the filing of the applications, and thus the annuity allowed was less than the annuity claimed by each plaintiff. The circuit court set aside the Board's decision, holding that section 18—125, as amended, impaired the pension rights of all judges in service on or before the effective date of the amendment in violation of article XIII, section 5, and article I, section 16, of the Constitution of Illinois (Ill. Const. 1970, art. XIII, sec. 5; Ill. Const. 1970, art I, sec. 16) and article I, section 10, of the Constitution of the United States (U.S. Const., art. I, sec. 10).

There is specific reference in our constitution to pension rights. Section 5 of article XIII of the Constitution provides: "Membership in any pension or retirement system of the State, *** or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or im-

paired." (Ill. Const. 1970, art. XIII, sec. 5.) Proceedings during the 1970 constitutional convention make it clear that the general intendment of section 5 was to protect the pension benefits of public employees by first creating "a contractual relationship between the employer and the employee; and secondly, [section 5] mandates the General Assembly not to impair or diminish these rights." (Comments of Delegate Henry I. Green, 4 Record of Proceedings, Sixth Illinois Constitutional Convention 2925.) Delegate Helen C. Kinney, who with Delegate Green was the sponsor of the provision that became section 5 of article XIII, further explained that the intention was "simply to give [public employees] a basic protection against abolishing their rights completely or changing the terms of their rights after they have embarked upon the employment—to lessen them." 4 Record of Proceedings, Sixth Illinois Constitution Convention 2929.

Retirement annuities are calculated on the basis of length of service and of salary, and any change in either obviously will affect the amount of the annuity. (*Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 151.) Here the amendment changed the salary base used to compute the annuity from the salary of the judge on the final day of service to the average salary over the last year in service. The record shows that the annuity granted Felt and Massey under section 28—125, as amended, was $3,187.44 less than the annuity to which each would have been entitled prior to the amendment, and that Dahl's retirement annuity was reduced by $5,842.80. The record does not clearly reflect the reduction in the McCallister annuity, but it is evident that averaging the salary at the time of McCallister's death and the increased salary he received for nine months prior to his death results in a lower base than if the annuity were based on his increased salary alone. The change in the basis of

computation clearly effects a reduction or impairment in the retirement benefits of the plaintiff members of State retirement systems in violation of the constitutional assurance of section 5 of article XIII.

The model followed at the constitutional convention in drafting section 5 of article XIII of our constitution is a provision in the New York Constitution. (4 Record of Proceedings, Sixth Constitutional Convention 2925, 2931.) That provision is almost identical to section 5. The New York Constitution states that membership in a State pension or retirement system "shall be a contractual relationship, the benefits of which shall not be diminished or impaired." (McKinney's Const., art. 5, sec. 7.) As appears above, our provision reads the same, save that membership shall be an "enforceable" contractual relationship, the benefits of which shall not be diminished or impaired. In *Kleinfeldt v. New York City Employees' Retirement System* (1975), 36 N.Y.2d 95, 324 N.E.2d 865, the court affirmed judgments of the trial court and appellate division that a statute which placed a limitation on the amount of increased compensation received by a State employee in any given year which could be considered in determining the final average salary for purposes of retirement benefits was unconstitutional. The court held that the statute so limiting salary increases, as retroactively applied to employees who were members of a public retirement system prior to the effective date of the statute, constituted a diminution and impairment of benefits of membership in the retirement system. The court observed that an employee's rate of compensation was the most significant part of the formula for determining retirement allowances and that increases in salary could not be excluded from inclusion in a final average salary. Earlier the New York court had considered the adoption by the New York State Teachers' Retirement System of updated mortality

tables, which in effect would have reduced future allowances by approximately 5% upon an employee's retirement. The court held that application of the updated mortality tables to members who had entered the system before the effective date of the new tables constituted an unconstitutional diminution and impairment of benefits. *Birnbaum v. New York State Teachers Retirement System* (1958), 5 N.Y.2d 1, 7, 152 N.E.2d 241, 244.

Prior to the adoption of section 5 of article XIII, this court, in *Bardens v. Board of Trustees* (1961), 22 Ill. 2d 56, held unconstitutional an amendment to the Judges Retirement System Act (Ill. Rev. Stat. 1959, ch. 37, par. 441.9, 441.4), which was the same in principle as the amendment here. The amendment had the effect of changing the basis of calculation of a retirement annuity from the judge's salary on the last day of service to the judge's average salary over the last four years of service. Here, it is the average for the last year of service. In holding the statute invalid as violating our constitution's provision against impairment of contract, the court said:

> "[T]he contractual right of the plaintiff *** was to receive upon his retirement a flexible annuity measured by the salary that he was receiving upon the date of his retirement. That salary might be higher or it might be lower than the salary that he received at any given time during the period of his service as a judge. *** But the annuity originally contracted for was flexible to the degree provided, and the original undertaking clearly appears to have been to provide an annuity that reflected the purchasing power of the dollar upon the date of retirement." (22 Ill. 2d 56, 60-61.)

Thus, before the provisions of section 5 became part of the Constitution of Illinois this court had held that an amendment changing the salary basis of computation for a retirement annuity was unconstitutional as impairing

contracts of already enrolled members of the judicial system. The present amendment is unconstitutional as violative of the constitutional assurance against the diminution of retirement benefits and, as well, unconstitutional as an impairment of contract.

Prior to oral argument we took with the case the plaintiffs' motion to strike all references in the defendants' brief to a 1983 Report of Examination of the Illinois Department of Insurance, a 1973 Report of the Illinois Public Employees Pension Laws Commission, and the annual reports of the Illinois Judges Retirement System for 1974 through 1984. The defendants argue from these reports that public retirement systems are underfunded. The plaintiffs contend that these reports, which include actuarial accounts of the status of the funding of the Judges Retirement System, were not used in argument in the circuit court and were therefore not part of the record to be considered by this court. The reports, however, are public records, and judicial notice may be taken of them. (*Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 136.) Accordingly, we have denied the plaintiffs' motion to strike the references to them.

Using these reports, the defendants argue that we should hold that the reduction in the retirement benefits was not an unconstitutional impairment of contract as the impairment was insubstantial, and that the contract modifications were within the State's police power.

This court has recognized that "the contract clause does not immunize contractual obligations from every conceivable kind of impairment or from the effect of a reasonable exercise by the States of their police power." (*George D. Hardin, Inc. v. Village of Mount Prospect* (1983), 99 Ill. 2d 96, 103. See also *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 358.) The Supreme Court has made similar holdings. (See, *e.g., Allied Struc-*

*tural Steel Co. v. Spannaus* (1978), 438 U.S. 234, 241, 57 L. Ed. 2d 727, 734, 98 S. Ct. 2716, 2721; *City of El Paso v. Simons* (1965), 379 U.S. 497, 509, 13 L. Ed. 2d 446, 455, 85 S. Ct. 577, 584.) In *Allied Structural Steel Co. v. Spannaus* (1978), 438 U.S. 234, 245, 57 L. Ed. 2d 727, 737, 98 S. Ct. 2716, 2722-23, the court observed: "The severity of the impairment measures the height of the hurdle the state legislation must clear." Presumably the defendants would offer a similar contention regarding section 5 of article XIII on the question of diminution and impairment of benefits.

The argument is not convincing. The impairment of benefits was obviously substantial. The annuity of Felt and Massey was reduced by $3,187.44 and Dahl's annuity was reduced by $5,842.80. Clearly there also was a reduction in McCallister's benefits. We observe, too, that in *Bardens v. Board of Trustees* (1961), 22 Ill. 2d 56, under like circumstances the reduction in retirement benefits was a violation of the contract clause and was not defensible as a reasonable exercise of police power.

It appears that the legislature enacted the amendment from concerns that the Judicial Retirement System was not adequately funded. The result contemplated by the legislature was that judges would be discouraged from retiring upon obtaining salary increases without having contributed to the pension fund on the basis of the increased salary. (82d Gen. Assem., Transcript of Senate Proceedings, June 16, 1982, at 10; 82d Gen. Assem., Transcript of House Proceedings, June 25, 1982, at 9-12.) The legislature has an undeniable interest and responsibility in ensuring the adequate funding of State pension systems. There is no indication in the record before us, however, that a significant number of judges, or the plaintiffs themselves, retired shortly after salary increases or that such retirements are a cause of the retirement system's underfunding. Too, a decision to retire

typically is not based solely on financial benefits to be received, but rather is on consideration of a number of factors. Representative Robert M. Terzich, in opposing the amendment, observed: "If a person is going to retire, he is going to retire based upon what his economic situation [is] and also whatever is best for him, the same as any individual regardless of what [the retirement] system would do." (82d Gen. Assem., Transcript of House Proceedings, June 25, 1982, at 14.) An improvement in compensation is as apt to lead a judge to remain on the bench as it is to precipitate retirement.

In their brief and argument the plaintiffs noted that there were no public hearings on the proposed amendment and that the pension committees from the House and Senate did not consider the proposal. They state that the Illinois Public Employees Pension Laws Commission (Ill. Rev. Stat. 1981, ch. 108½, par. 22—801 *et seq.*), which has a statutory duty to give study to the financial problems of the several pension funds and to recommend revisions in the financial provisions of such funds, did not act to restrict retirement benefits because of judicial pay increases.

The conclusion to be drawn is that the amendment severely impairs the retirement benefits of the plaintiffs and those similarly situated and on the record here is not defensible as a reasonable exercise of the State's police powers.

The defendants have argued that while there are decisions similar to those of New York and similar to *Bardens* and our holding here, there are jurisdictions which permit a reduction in retirement benefits. They note that in at least three States, Alaska, Hawaii and Michigan, there are constitutional provisions relating to pensions. As was observed in *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, however, in those constitutional provisions, unlike ours and that of New York, there is re-

strictive language that has permitted modifications in benefits. In order to accept the defendants' argument we would have to ignore the plain language of the Constitution of Illinois, reject the New York decisions on the constitutional provision which was the model for section 5 of article XIII, and overrule this court's decision in *Bardens*.

For the reasons given, we hold that the amendment to section 18—125 is unconstitutional as applied to these plaintiffs and to other judges in service on or before the effective date of the amendment. The judgments of the circuit court of Sangamon County are affirmed, with the exception of the portion of the declaratory judgment in cause No. 60376 holding the amendment valid as to persons becoming members of the judicial retirement system after January 1, 1983. No appeal was taken from that portion of that judgment.

*60373 — Judgment affirmed.*
*60374 — Judgment affirmed.*
*60375 — Judgment affirmed.*
*60376 — Affirmed in part.*

JUSTICE RYAN took no part in the consideration or decision of this case.