Forrest N. WELMAKER, Jr., Appellant,

v.

The Honorable Henry CUELLAR,[1]
Texas Secretary of State,
Appellee.

No. 03–00–00421–CV.

Court of Appeals of Texas,
Austin.

Feb. 15, 2001.

Rehearing Overruled March 15, 2001.

Forrest N. Welmaker Jr., Welmaker & Welmaker, P.C., San Antonio, for appellant.

John M. Hohengarten, Asst. Atty. Gen., Austin, for appellee.

Before Justices KIDD, YEAKEL and JONES.*

YEAKEL, Justice.

In 1999, attorney Forrest N. Welmaker attempted to form a professional association for the practice of law under the Texas Professional Association Act. *See* Tex.Rev.Civ. Stat. Ann. art. 1528f (West 1997 & Supp.2001) ("TPAA"). The Secretary of State (the "Secretary") refused to file the proposed articles of association on the basis that attorneys must form a professional corporation, rather than professional association, using the Texas Professional Corporation Act. *See id.* art. 1528e ("Professional Corporation Act"). Welmaker filed suit for declaratory judgment challenging the Secretary's rejection of his TPAA filing. The parties filed opposing motions for summary judgment. The district court granted the Secretary's motion and denied Welmaker's motion. In one issue on appeal, Welmaker argues that the district court erred in failing to find lawyers can form professional associations under the provisions of the TPAA. We will affirm the district-court judgment.

## Discussion

■ The TPAA and the Professional Corporation Act were enacted during the sixty-first session of the legislature. *See* Texas Professional Association Act, 61st Leg., R.S., ch. 840, § 1, 1969 Tex. Gen. Laws 2513, 2513–2518; Texas Professional Corporation Act, 61st Leg., R.S., ch. 779,

---

1. This appeal was originally filed in the name of the predecessor to the present Secretary of State. We have substituted the current holder of that office as the correct party to this proceeding. *See* Tex.R.App. P. 7.2(a).

* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

§ 1, 1969 Tex. Gen. Laws 2304, 2304–09.[2] The acts had different effective dates, however. The TPAA was effective June 18, 1969; the Professional Corporation Act was effective January 1, 1970.

The TPAA allows licensed professionals to form an association for the purpose of performing "professional services." TPAA § 2(A). The TPAA defines "professional service" as "any type of personal service to the public which requires as a condition precedent to the rendering of such service the obtaining of a license, and which service by law *cannot be performed by a corporation.*" TPAA § 3 (emphasis added). The TPAA also provides: "The manner in which lawyers practice law under this Act is subject to the powers of the Supreme Court to regulate the practice of law." TPAA § 11.

The Professional Corporation Act provides for the formation of professional corporations to deliver certain professional services. Professional Corporation Act § 3(b). The Professional Corporation Act defines "professional service" as "any type of personal service which requires as a condition precedent to the rendering of such service, the obtaining of a license, . . . and which prior to the passage of this Act and by reason of law, could not be performed by a corporation, including . . . attorneys-at-law . . . ." Professional Corporation Act § 3(a). The Professional Corporation Act excluded doctors of medicine from its scope because established precedents allowed them to associate for the practice of medicine in joint stock companies. Professional Corporation Act § 3(a).[3]

Welmaker argues that attorneys perform a service requiring a license, which brings them within the TPAA. *See* TPAA § 2(A). He also relies on TPAA section 11, concerning the regulation of the practice of law, to mean that attorneys can form professional associations as well as professional corporations because otherwise section 11's language is surplusage. *See* TPAA § 11. The Secretary argues that it is possible, based on the plain language of the statutes and their effective dates, to conclude the acts are mutually exclusive and still give meaning to every section of each act.

The TPAA was effective first. At the time of its effective date, lawyers could not form corporations through which to deliver legal services. Accordingly, based on the plain language of the TPAA, lawyers could form professional associations. Therefore, section 11 clarifying the regulation of the practice of law had meaning.

■ On and after January 1, 1970, however, attorneys were authorized to form corporations for the delivery of their services. As of that date, the services provided by attorneys no longer met the definition of professional services in the TPAA. However, no provisions in the Professional Corporation Act terminated the existence of any professional association of attorneys created between June 18, 1969 and January 1, 1970. Under the provisions of the TPAA, these associations continue until dissolved. TPAA §§ 18, 19, 20. Section 11 remains necessary to cover this "gap" period between the effective dates of the TPAA and the Professional Corporation Act. That only a small number of entities might be covered does not render the language superfluous or meaningless.[4]

---

**2.** Although the Acts have been subsequently amended, the relevant language has remained the same. Accordingly, the current statutes are cited for convenience.

**3.** In 1985, the Professional Corporation Act was amended to give specific definitions for professional legal services and professional legal corporations. *See* Act of May 26, 1985,

69th Leg., R.S., ch. 371, § 1, 1985 Tex. Gen. Laws 1443, 1443.

**4.** The Secretary of State's office apparently accepted filings under the TPAA from any professional group during this period. *See* Robert W. Hamilton, *Corporations and Partnerships,* 24 Sw. L.J. 91, 96 (1970) (discussion of draftsmanship problems in TPAA and Professional Corporation Act).

The Attorney General has interpreted the Professional Corporation Act and the TPAA as mutually exclusive—attorneys and other professionals who can incorporate under the Corporations Act ceased to be covered by the TPAA upon the effective date of the Professional Corporation Act unless they were one of a few specifically enumerated health-care professionals who had the option to choose either. Op. Tex. Att'y Gen. No. M–551 at 4 (1970). Although opinions of the attorney general are merely advisory and not binding on the courts, they are entitled to careful consideration. *White v. Eastland County*, 12 S.W.3d 97, 101 (Tex.App.—Eastland 1999, no pet.); *cf. Hammerman & Gainer, Inc. v. Bullock*, 791 S.W.2d 330, 333–34 (Tex.App.—Austin 1990, no writ) ("attorney general's opinions are often said to carry 'great weight' "); *Plainview Indep. Sch. Dist. v. Edmonson Wheat Growers, Inc.*, 681 S.W.2d 299, 302 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.) (attorney general's opinions "have a highly persuasive value").[5] The attorney general's opinion is consistent with the language of the acts. The Secretary has consistently interpreted the TPAA as inapplicable to attorneys, a reasonable interpretation that is not inconsistent with the legislative intent as expressed in the language of the statute.[6] We overrule Welmaker's issue.

### Conclusion

The Secretary of State's interpretation of the TPAA and Professional Corporation Act has been consistent and is in accordance with the language of the statutes. We affirm the district-court judgment.

---

5. *See also* Op. Tex. Att'y Gen. Nos. M–1185 (1972) & MW–99 (1979) (Professional Corporation Act and Business Corporation Act intended to be mutually exclusive).

6. The Secretary also argues that the legislative history of the statute supports his position. However, we conclude that the statute's

---

language is clear, and we need not use legislative history to assist in the interpretation. *See Jones v. Del Andersen & Assocs.*, 539 S.W.2d 348, 350 (Tex.1976) (in determining legislative intent, court begins with the language of the statute itself); *Renaissance Park v. Davila*, 27 S.W.3d 252, 256 (Tex.App.—Austin 2000, no pet.).