OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 5, 2002

The Honorable Ken Armbrister
Chair, Criminal Justice Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0536

Re: Whether a public accounting firm with owners who are not certified public accountants may incorporate under the Texas Business Corporation Act or the general provisions of the Texas Limited Liability Company Act (RQ-0508-JC)

Dear Senator Armbrister:

You ask whether a public accounting firm with owners who are not certified public accountants may incorporate under the Texas Business Corporation Act or the general provisions of the Texas Limited Liability Company Act.[1] We conclude in the affirmative.

The Public Accountancy Act, chapter 901 of the Occupations Code, regulates the practice of public accountancy. *See* TEX. OCC. CODE ANN. §§ 901.001-.605 (Vernon 2002). It provides for the licensing of individuals and firms in the practice of public accountancy. An individual may not practice public accountancy or use the title "certified public accountant," the abbreviation "CPA," or another designation indicating that the person is a certified public accountant unless the individual holds a certificate issued under chapter 901. *See id.* §§ 901.251, .451(a). Similarly, a firm may not provide "attest services"[2] or use the title "CPAs," "CPA Firm," "Certified Public Accounting Firm," "Auditing Firm," or a variation of those designations unless the firm holds a license issued under chapter 901. *See id.* §§ 901.351, .451(b).

Chapter 901 of the Occupations Code now permits an accounting firm eligible for a license to have owners who are not certified public accountants ("CPAs"). Prior to 2001, a firm was ineligible to be licensed unless its owners and resident managers in the state were certified public accountants. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 2141. In 2001, the legislature adopted Senate Bill 1358, which eased the restrictions on the public

---

[1]*See* Letter from Honorable Ken Armbrister, Chair, Criminal Justice Committee, State Senate, to Honorable John Cornyn, Texas Attorney General (Feb. 6, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]"Attest service" means an audit, engagement, or other assurance service required to be performed in accordance with professional standards adopted by the American Institute of Certified Public Accountants or another national accountancy organization recognized by the Texas State Board of Public Accountancy. *See* TEX. OCC. CODE ANN. § 901.002(a)(1) (Vernon 2002).

accounting practice by allowing the licensing of accounting firms with less than 100% ownership by CPAs and the provision of additional services by these firms, such as financial advising or consulting or recommending the sale of a product. *See* Act of May 18, 2001, 77th Leg., R.S., ch. 1497, §§ 5, 23, 2001 Tex. Gen. Laws 5302, 5305, 5310-13. As amended by Senate Bill 1358, section 901.354 of the Occupations Code requires a firm seeking a license to "show that a majority of the ownership of the firm, in terms of financial interest and voting rights, belongs to persons who hold certificates issued under this chapter or are licensed in another state." *See* TEX. OCC. CODE ANN. § 901.354 (Vernon 2002). Additionally, as amended in 2001, section 901.005 defines the practice of accountancy to include "a broad range of financial, advisory, and attest services," such as "providing management or financial advisory or consulting services," "recommending the sale of a product if the recommendation requires or implies accounting or auditing skill," and "providing litigation support services." *Id.* § 901.005(a)(4)-(6).

Your request is prompted by the 2001 amendments to chapter 901 of the Occupations Code allowing accounting firms to have less than 100% CPA ownership and to provide additional financial and accounting services. The Secretary of State's office, you inform us, "has stated that it will not accept articles of incorporation submitted by accounting firms wishing to incorporate or form a limited liability company under any Texas Statute, if the accounting firm has non-CPA owners as permitted by Senate Bill 1358." Request Letter, *supra* note 1, at 2. You ask for an opinion from this office "clarifying that duly licensed Texas accounting firms with less than 100% CPA ownership may be formed under the Texas Business Corporation Act and the Texas Limited Liability Company Act as intended under the [Texas Public Accountancy Act]." *Id.* at 6.

To provide a legal context for your question, we review the relevant restrictions contained in the Texas Business Corporation Act, the Texas Professional Corporation Act, and the Texas Limited Liability Company Act. We begin with the Texas Business Corporation Act (the "TBCA"), TEX. BUS. CORP. ACT ANN. arts. 1.01-13.08 (Vernon 1980 & Supp. 2002). A corporation may not incorporate under the TBCA if it engages in any activity that requires a license from the state and if a corporation may not hold such a license. *See id.* art. 2.01B(2) (Vernon Supp. 2002); Tex. Att'y Gen. Op. No. MW-99 (1979) at 1. Article 2.01B of the Texas Business Corporation Act provides that a corporation may not organize under the Act if:

> [A]ny one or more of its purposes for the transaction of business in this State is to engage in any activity which cannot lawfully be engaged in without first obtaining a license under the authority of the laws of this State to engage in such activity and such a license cannot lawfully be granted to a corporation.

TEX. BUS. CORP. ACT ANN. art. 2.01B(2) (Vernon Supp. 2002). *See* Tex. Att'y Gen. Op. No. MW-99 (1979) at 1 ("The learned professions could not, as a general matter, incorporate under the [TBCA]."). "Corporation," for the purposes of the TBCA, is "a corporation for profit subject to the provisions of this Act, except a foreign corporation." TEX. BUS. CORP. ACT ANN. art. 1.02A(1) (Vernon 1980).

A corporation excluded by article 2.01B(2) from incorporating under the TBCA may organize under the Texas Professional Corporation Act (the "TPCA"), TEX. REV. CIV. STAT. ANN. art. 1528e (Vernon 1997 & Supp. 2002). The TPCA authorizes the formation of a professional corporation to perform a specific type of "professional service and services ancillary thereto." *See id.* § 6 (Vernon 1997); *see also id.* § 3(b) (defining "professional corporation" as a corporation formed to provide one specific service); § 4(a) (Vernon Supp. 2002) (providing that, with the exception of health professionals, professional corporation may only provide one type of professional service). A professional corporation may only include individual shareholders who are licensed to render the same professional service as the corporation. *See id.* §§ 3(b), 6 (Vernon 1997). "Professional service," for the purposes of the TPCA, is:

> Any type of personal service which requires as a condition precedent to rendering of such service, the obtaining of a license, permit, certificate . . . *and which prior to the passage of this Act and by reason of law, could not be performed by a corporation*, including by way of example and not in limitation . . . the personal services rendered by architects, attorneys-at-law, *certified public accountants*, dentists, *public accountants* . . . .

*Id.* § 3(a) (emphasis added). Thus, the TPCA applies to corporations that perform personal services which could not be legally performed by a corporation prior to the passage of the statute, *i.e.*, January 1, 1970. *See id.*; Act of May 28, 1969, 61st Leg., R.S., ch. 779, § 1, 1969 Tex. Gen. Laws 2304; *see also* Tex. Att'y Gen. Op. No. M-551 (1970) at 5 (date of passage means date law becomes operative).

Such a corporation may also organize under the Texas Limited Liability Company Act (the "TLLCA"), TEX. REV. CIV. STAT. ANN. art. 1528n (Vernon 1997 & Supp. 2002). Under its general provisions, TLLCA authorizes the formation of a limited liability company engaged in a business subject to regulation by another statute if it is not prohibited by the other statute. *See id.* art. 2.01B (Vernon 1997). The limited liability company remains subject to all the limitations of the other statute. *See id.* Part eleven of the TLLCA specifically authorizes the formation of a professional limited liability company. *See id.* art. 11.01A (Vernon Supp. 2002). Similar to the TPCA, a professional limited liability company organized under part eleven of the TLLCA may, in general, only perform one specific type of professional service, *see id.* art. 11.01A(2), B(2) (Vernon 1997); *see also id.* art. 11.01A(3)-(4) (Vernon Supp. 2002) (exception for named health professional services); and it may include as members only professional individuals or entities licensed or authorized to render the same service as the company, *see id.* art. 11.01B(2)-(4) (Vernon Supp. 2002). Additionally, "professional services" is "any type of personal service that requires as a condition precedent to the rendering of the service the obtaining of a license . . . including the personal service rendered by . . . [a] certified public accountant, . . . public accountant, . . . ." *Id.* art. 11.01B(1) (Vernon 1997).

With this background, we return to your question regarding the incorporation of a public accounting firm with less than "100% CPA-ownership." Prior to the 2001 amendments to chapter 901 of the Occupations Code, accounting firms with 100% CPA-ownership incorporated as a professional corporation under the TPCA or organized as a professional limited liability company under part eleven of the TLLCA. *See* Request Letter, *supra* note 1, at 1, 5; *see also* Tex. Att'y Gen. Op. No. M-556 (1970) (indicating that public accounting firms must organize under TPCA because Public Accountancy Act of 1945 did not authorize corporations to practice public accounting). You agree that an accounting firm with non-CPA owners that "now provide a myriad of services" cannot incorporate under the TPCA or organize under part eleven of the TLLCA. *See* Request Letter, *supra* note 1, at 2-3. Again, a professional corporation formed under the TPCA may only perform one specific type of "professional service" and all its shareholders must be licensed to render the same service. *See* TEX. REV. CIV. STAT. ANN. art. 1528e §§ 3(a)-(b), 6 (Vernon 1997). Similarly, a professional limited liability company organized under part eleven of the TLLCA may only perform one specific type of professional service and have as members only professional individuals licensed or authorized to render the same service as the company. *See id.* art. 1528n, art. 11.01A(2), B(2)-(3) (Vernon Supp. 2002).

But you suggest that an accounting firm with non-CPA owners "should be permitted to incorporate under the [TBCA] and form limited liability companies under the general provisions of" the TLLCA. Request Letter, *supra* note 1, at 3. We consider the provisions of chapter 901 of the Occupations Code and the limiting provisions of the TBCA and the TLLCA and conclude that they do not preclude such accounting firms from incorporating under the TBCA or forming under the general provisions of the TLLCA.

We conclude that chapter 901 of the Occupations Code authorizes the practice of public accountancy by a corporation incorporated under any applicable statute including the TBCA or by a limited liability company formed under the TLLCA. Chapter 901 expressly authorizes the grant of a license to a "firm" that meets the requirements of section 901.354. *See* TEX. OCC. CODE ANN. § 901.354 (Vernon 2002); *see also id.* § 901.002(a)(5) ("'Certified public accountancy firm' means a person who holds a firm license."). A "firm" may provide attest services and use the designation "certified public accountants" or otherwise indicate that it is "a certified public accountancy firm" if it holds a license and otherwise complies with the requirements of chapter 901 and rules promulgated thereunder. *See id.* § 901.451(b). Under chapter 901, a "firm" means "a sole proprietorship, partnership, *corporation, limited liability company*, or other business entity engaged in the practice of public accountancy." *Id.* § 901.002(a)(8) (emphasis added). "Corporation," in turn, is broadly defined: "a corporation *authorized by a statute applicable to this state* or by an equivalent law of another state or a foreign country, including a professional public accounting corporation organized under [the TPCA]." *Id.* § 901.002(a)(7) (emphasis added). The term expressly includes a corporation incorporated under any state statute.

While the definition of "corporation" specifically references a corporation organized under the TPCA, it is not limited to such a corporation. *See* TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998) ("'Includes' and 'including' are terms of enlargement and not of limitation or exclusive

enumeration . . . ."). In 1991, the legislature specifically broadened "corporation" to embrace corporations other than those incorporated under the TPCA. *See* Act of May 26, 1991, 72d Leg., R.S., ch. 533, § 1, 1991 Tex. Gen. Laws 1817. Prior to 1991, the term was limited to a corporation organized under the TPCA: "'Corporation' means a professional public accounting corporation organized under The Texas Professional Corporation Act, as amended (Article 1528e, Vernon's Texas Civil Statutes), . . . or an equivalent law of another state, territory, or foreign country." Act of May 28, 1989, 71st Leg., R.S., ch. 892, § 1, 1989 Tex. Gen. Laws 3901. In 1991, the legislature inserted after the TPCA cite the phrase "or other corporation authorized by applicable statutes." *See* Act of May 26, 1991, 72d Leg., R.S., ch. 533, § 1, 1991 Tex. Gen. Laws 1817. Significantly, the legislature also added a definition of "firm": "a sole proprietorship, partnership, *professional or other corporation,* or other business engaged in the practice of public accountancy." *See id.* (emphasis added). While the 1999 codification of the public accountancy law re-worded these definitions to their current form, it did not change or, more importantly, constrict these definitions. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 2127. Finally, the 2001 amendments did not alter the definition of "corporation"; and it added the term "limited liability company" to the definition of "firm." *See* Act of May 18, 2001, 77th Leg., R.S., ch. 1497, § 1, 2001 Tex. Gen. Laws 5302.

We next consider the TBCA. The statute, by its terms, does not exclude a public accounting firm from incorporating under its provisions. As discussed earlier, a corporation may not incorporate under the TBCA (1) if it engages in any activity that requires a license from the state *and* (2) if a corporation subject to the TBCA may not hold such a license. *See* TEX. BUS. CORP. ACT ANN. arts. 1.02A(11), 2.01B(2) (Vernon Supp. 2002). Chapter 901 of the Occupations Code, as we determined earlier, allows a corporation organized under any applicable state statute, including the TBCA, to hold a public accounting license and to practice public accounting.

We do not believe the fact that public accounting firms previously organized under the TPCA precludes incorporation under the TBCA. This office has said that when the TPCA was enacted, the TBCA and the TPCA were intended to be mutually exclusive: an entity could incorporate under only one of these statutes. *See* Tex. Att'y Gen. Op. Nos. MW-99 (1979) at 3; H-442 (1974) at 2; M-551 (1970) at 3, 5; *see also Welmaker v. Cuellar,* 37 S.W.3d 550, 551 (Tex. App.–Austin 2001, pet. denied) (concluding that TPCA and Texas Professional Association Act are mutually exclusive, citing attorney general opinions). However, this office has also recognized the legislature's power to change the mutually exclusive character of the two statutes, concluding that the two statutes are mutually exclusive unless the legislature has expressly authorized a specific profession to incorporate under either statute. *See* Tex. Att'y Gen. Op. No. MW-99 (1979) at 3. We believe the legislature did so in chapter 901 of the Occupations Code when it allowed accounting firms to form corporations under the TPCA or any other applicable state statute in 1991.

Finally, we look at the TLLCA. By its terms, the TLLCA's general provisions also do not exclude a public accounting firm from organizing under its provisions. The TLLCA's general provisions permit the formation of a limited liability company engaged in a business subject to regulation by another statute, but only if the formation is not prohibited by the other statute. *See*

TEX. REV. CIV. STAT. ANN. art. 1528n, art. 2.01B (Vernon 1997). Chapter 901 of the Occupations Code does not prohibit the formation of an accounting firm under the TLLCA.

While the TPCA and part eleven of the TLLCA expressly apply to the practice of public accounting, we cannot say that accounting firms eligible for a license under chapter 901 are limited to those provisions and may not incorporate under the TBCA or organize under the general provisions of the TLLCA. We have not found, nor have we been directed to, any persuasive authority to support such a limited construction. Chapter 901, as amended in 2001, clearly contemplates the existence and operation in the state of accounting firms with members or owners who are not certified public accountants. The TPCA does not prohibit the organization of an accounting firm with non-CPA owners under the TBCA, and part eleven of the TLLCA does not prohibit the formation of such an accounting firm under its general provisions as a brief received by this office appears to suggest.[3] We do not disagree that the 2001 amendment to chapter 901 permitting accounting firms to include non-CPA members or owners might present organizational issues for which no provision is made in the TBCA or the TLLCA. But such organizational concerns as well as public policy concerns raised by the incorporation of accounting firms that include non-CPAs and the provision of financial, consulting, and marketing services by such firms are more appropriately addressed by the legislature. *See* TACPA Brief, *supra* note 3, at 10-11.

---

[3]*See* Brief to the Attorney General, Request No. 0508-JC, on behalf of Texas Association of Certified Public Accountants, from William H. Caudill and Jayash M. Chadha, Fulbright & Jaworski L.L.P. (Mar. 29, 2002) at 8-10 (on file with Opinion Committee) [hereinafter TACPA Brief].

## S U M M A R Y

A public accounting firm with owners who are not certified public accountants that is eligible for a firm license under the Public Accountancy Act, TEX. OCC. CODE ANN. §§ 901.001-.605 (Vernon 2002), may incorporate under the Texas Business Corporation Act, TEX. BUS. CORP. ACT ANN. arts. 1.01-13.08 (Vernon 1980 & Supp. 2002), or the general provisions of the Texas Limited Liability Company Act, TEX. REV. CIV. STAT. ANN. art. 1528n (Vernon 1979 & Supp. 2002).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee