JENNIFER WALKER ELROD, Circuit Judge,
dissenting from denial of the motion to certify:
The majority opinion construes article XVI, section 66(d) of the Texas Constitution to not protect vested municipal employees against forward-looking pension reforms. It arrives at that construction by reading section 66(d)’s critical phrase, “benefits accrued by a person,” to encompass only monetary payments reflecting an employee’s prior years of service — not the formula used to calculate those payments. That construction has not been asserted by any party, and indeed was assumed to be incorrect by all parties. Though it is not unreasonable, I cannot agree with confidence that it is the construction of Texas’s Constitution that Texas’s highest court would adopt. Because I would ask the Supreme Court of Texas for guidance rather than venture an Erie guess on this highly consequential issue,[1] I dissent from the denial of plaintiffs’ motion to certify.
The majority opinion relies heavily on section 66(d)’s neighboring provisions, sev *541 eral of which clearly use the term “benefits” to refer to monetary payments, not a formula. But the majority opinion ignores instances — including in section 66(d) itself — that cut in the opposite direction. By its own terms, section 66(d) limits the permissible effects of “a change in service or disability retirement benefits or death benefits.” The phrase “a change in ... benefits” plainly encompasses a change in the formula[2] Furthermore, neighboring section 66(e) forbids reductions in “[b]enefits granted to a retiree or other annuitant before the effective date of this section and in effect on that date.” (emphasis added). One would not describe a monetary payment as being “in effect” on a fixed date, but one would certainly describe a formula for calculating monetary payments that way. Section 66(e) is particularly instructive because it works in tandem with section 66(d): one provision protects vested current and former employees and the other protects retirees and other annuitants. Absent some indication to the contrary, context suggests that the “benefits” described in the two provisions are the same.
As even the City acknowledges, “[t]he fact that the term ‘benefits’ includes the method for calculating benefits has always been assumed to be correct by both parties.” We are of course not forbidden from adopting an interpretation that neither party has asserted, as the majority does here, Lightbourn v. Cty. of El Paso, 118 F.3d 421, 431 n. 11 (5th Cir. 1997), but we should not lightly declare such an interpretation to be correct. If section 66(d)’s bar on impairing “benefits accrued by a person” protects the formula used to calculate a vested employee’s pension payments, the prospective reforms at issue in this case may well be forbidden.
Likewise, given the uncertainty in interpreting section 66(d), I am not inclined to disregard the formal opinion of then-Attorney General Greg Abbott as easily as the majority opinion does. Faced with an unresolved issue of Texas law, we give “careful consideration” to any formal opinions of the Attorney General. Welmaker v. Cuellar, 37 S.W.3d 550, 552 (Tex. App. — Austin 2001, pet. denied) (collecting cases); accord In re Smith, 333 S.W.3d 582, 588 (Tex. 2011) (describing attorney general opinions as “often persuasive,” though “not binding”); City of Dall. v. Abbott, 304 S.W.3d 380, 384 (Tex. 2010) (same); HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd., 235 S.W.3d 627, 661 & n. 148 (Tex. 2007) (same); Comm’rs Court v. Agan, 940 S.W.2d 77, 82 (Tex. 1997) (same); Holmes v. Morales, 924 S.W.2d 920, 924 (Tex. 1996) (same); see Stenberg v. Carhart, 530 U.S. 914, 941-42, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000) (according to state attorney general opinion the same weight it would be given by courts of the relevant state on an issue of that- state’s law). The Attorney General opinion concludes that *542 the word “accrued” in the phrase “benefits accrued by a person,” on which today’s majority opinion focuses much attention, “does not tell us” whether an employee’s section 66(d) rights in his pension “are limited, as a matter of law, to benefits attributable to services already performed.” Tex. Att’y Gen. Op. No. GA-0615, *4 (2008). This is not a ease in which the Attorney General’s view can be easily dismissed as contrary to the unambiguous language of section 66(d), and “careful consideration” of the Attorney General’s view places the majority opinion’s resolution in doubt.
The decisions of the highest courts of New York, Illinois, and Alaska discussed in the Attorney General opinion add an additional measure of uncertainty. See Tex. Att’y Gen. Op. No. GA-0615, *6-7 (citing Kleinfeldt v. N.Y.C. Emps.’ Ret. Sys., 365 N.Y.S.2d 500, 324 N.E.2d 865 (1975); Felt v. Bd. of Trs. of the Judges Ret. Sys, 107 Ill.2d 158, 89 Ill.Dec. 855, 481 N.E.2d 698 (1985); Flisock v. State, Div. of Ret. & Benefits, 818 P.2d 640 (Alaska 1991)). Con-cededly, these decisions consider the constitutional provisions of states other than Texas and therefore cannot be dispositive in an analysis of section 66(d). See Patel v. Tex. Dep’t of Licensing & Regulation, 469 S.W.3d 69, 91 (Tex. 2015). But surely when a state’s highest court, for example, interprets a constitutional protection for “[a]c-crued benefits” by identifying the time at which an employee’s right to retirement benefits vests, see Flisock, 818 P.2d at 643, we should question the inviolability of the majority opinion’s premise that the term “accrued” cannot possibly describe a vesting -requirement because “accrual and vesting are distinct and vital concepts in the pension plan lexicon.”
Given the ambiguity of the term “benefits accrued by a person” in section 66(d), the lack of an authoritative state court construction of that provision, and the tremendous importance of that provision to Texas municipalities and municipal employees, I would respectfully ask the Supreme Court of Texas to give us guidance as to how to construe this provision of the Texas Constitution. See Janvey v. Golf Channel, Inc., 792 F.3d 539, 543 (5th Cir. 2015) (“Certification may be advisable where important state interests are at stake and the state courts have not provided clear guidance on how to proceed.”) (citation and alteration omitted); Austin v. Kroger Tex., L.P., 746 F.3d 191, 203-04 (5th Cir. 2014) (“It is best to leave the resolution of these matters to the good judgment of the highest state court.”); In re Moose Oil & Gas Co., 613 F.3d 521, 530 (5th Cir. 2010) (certifying questions because contractual language at issue was “arguably consistent with two interpretations”); In re Norris, 413 F.3d 526, 529-30 (5th Cir. 2005) (certifying question where Texas Constitutional provision’s text arguably was in tension with the result reached by courts in other jurisdictions that had interpreted similar texts and applied a canon of construction that Texas courts would also apply). I therefore respectfully dissent from the denial of plaintiffs’ motion to certify questions to the Supreme Court of Texas.[3]

. Section 66(d) applies to all non-statewide public retirement systems except in San Antonio and in political subdivisions where voters have rejected it by ballot measure. See § 66(a)-(b), (h). The pension reforms at issue in this case axe an effort to address an unfunded liability of $1.5 billion in Fort Worth’s pension fund alone.

. Responding to this point, the majority opinion reasons that “a change in ... benefits” refers simply to "any change to the pensioner’s bottom-line — the actual payments,” which can be effected through a change in the formula or otherwise. This reading, the majority reasons, reaffirms that the term "benefits” is no "broader [in Section 66(d) ] than it is in other parts of Section 66, Section 67, or the Government Code.” But if the majority opinion were correct that any "benefit” protected under section 66(d) must be a monetary payment so as to preserve equivalency with the "benefits ... payable” described in sections 66(c) and 67(d)(1), then section 66(d) would not be the broad-reaching, pension-plan-neutral shield that the majority opinion agrees it is. Vacation days are not "payable.” Access to continuing education and training programs is not “payable.” Section 66(d) operates coherently — and achieves the broad-reaching ends that the majority and I both ascribe to it — if the “benefits” protected are the entire constellation of pension plan components, including the formula used to calculate monetary payments.

. Because I agree with the majority opinion that plaintiffs’ federal claims rise or fall with their section 66(d) claim, I would decline to resolve those claims as well and instead await an authoritative construction of section 66(d) from the Supreme Court of Texas.