STRANCH, Circuit Judge,
concurring.
I concur in the majority opinion because I agree that Plaintiffs’ Contract Clause claim, as alleged, does not clear the hurdle of unmistakability, the doctrine governing claims that a state legislature intended to create a private contractual right by statute. Specifically, Plaintiffs’ allegations regarding the statutory language (and the lack of allegations identifying legislative history, bargaining negotiations, or other facts evidencing legislative intent) together fail to provide a basis to infer reasonably an unmistakable intent on the part of the Kentucky legislature to create a contractual right to a specific COLA formula for Plaintiffs.
I write separately, however, to address a few supporting statements in our opinion upon which its legal conclusions do not rely — statements that I find too broadly worded or with which I disagree. First as to the “Guidance from Other Courts” section, I do not dispute that because the unmistakability doctrine is a difficult standard to satisfy, many claims that a state legislature intended to contract with public employees for a fixed COLA have' failed. But I do not think that such results suggest there exists a majority position. (Op. at 603.) Because Contract Clause claims require analysis of a specific legislature’s intent, each claim necessarily depends upon the particular statutory scheme and all the surrounding circumstances. Our opinion accordingly acknowledges a case finding a contractual right to a COLA under a different statute and state constitution. Hon. Fields v. Elected Officials’ Ret Plan, 234 Ariz. 214, 320 P.3d 1160, 1163-66 (2014). It is not an outlier. Other courts — analyzing different statutory and state constitutional provisions, COLA provisions, and surrounding circumstances— have found a contractual right to a specific COLA formula. See Miller v. Ret. Bd. of Policemen’s Annuity, 329 Ill.App.3d 589, 264 Ill.Dec. 727, 771 N.E.2d 431, 438-40 (2001); Kleinfeldt v. N.Y.C. Emp.’s Ret. Sys., 36 N.Y.2d 95, 365 N.Y.S.2d 500, 324 N.E.2d 865, 868-69 (1975).
Whether a group of state employees can make an enforceable claim for a COLA simply depends on the facts of each case, *612 including whether documents evidencing the genesis of the COLAs were created and maintained, a problem for Plaintiffs in this case. As a result, general conclusions are not necessarily helpful. Here, I do not agree with the comment that “it does not make sense that the legislature would bind itself to a fixed COLA.” (Op. at 603-04.) Contracting for a set COLA can make eminently good sense. A state legislature, like any employer, wants to attract and retain high-quality employees. Those public employees — firefighters, police officers, teachers, and others — serve and protect the community, which includes the legislators and the citizens who vote them into office. A COLA that is guaranteed not to decrease below a certain range of rates can encourage employees to begin and remain working for the government, despite the relatively low wage rates that often accompany public-service jobs.
I also do not agree with the Federal Circuit’s conclusion that COLAs cannot be more than a “government fostered expectation” until paid. See Zucker v. United States, 758 F.2d 637, 640 (Fed. Cir. 1985). (Op. at 602.). When a state legislature tells its public employees that they will have a pension and a COLA and those employees provide the corresponding years of service, that promise seems to me much more a moral obligation than a mere “government fostered expectation.” But I do not dispute that the unmistakability doctrine governs state statutory cases brought by public employees and entails a difficult burden to plead or prove. I concur because this case is unable to meet that burden.